Filed 3/7/13  P. v. Hubbard CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>     v.<br><br>PATRICK DOUGLAS HUBBARD,<br><br>     Defendant and Appellant. | B238652<br><br>(Los Angeles County<br>Super. Ct. No. BA376416) |

THE COURT:[*]

Appellant Patrick Douglas Hubbard (Hubbard) appeals from the judgment entered following his conviction of first degree murder in violation of Penal Code sections 187, subdivision (a), and 189.[1]  The trial court sentenced Hubbard to 25 years to life for murder, which it doubled pursuant to section 667, subdivision (e)(1), plus five years pursuant to section 667, subdivision (a), for a total term of 55 years to life.

Hubbard was accused of stabbing a man in the course of a robbery.  On November 25, 2000, Michael Williams (Williams) saw a Hispanic male, later determined to be Fernando Padilla Garcia (Garcia), come out of a salon located in a strip mall.

---

[*]     BOREN, P. J., ASHMANN-GERST, J., CHAVEZ, J.

[1]     All further statutory references are to the Penal Code unless otherwise indicated.

Garcia was then pulled back inside by an African-American male. A few seconds later, Garcia staggered out and fell to his knees.

The African-American male followed Garcia outside and hovered over him. He had a wallet and knife in his hands and was going through Garcia's pockets. Williams, who had come within 15 feet, turned and walked away. As he walked away, he heard what sounded like a knife going into a human body. Garcia has been stabbed 29 times; four of the wounds were fatal and caused death within minutes.

Williams called the police and within minutes of their arrival, he provided a description of the suspect and described what he had seen. Investigating Officer Michael Pelletier found blood and signs of a struggle inside the salon. A crack cocaine pipe was found on the floor near the bathroom, along with a partially smoked Newport brand cigarette and a pack of Newport cigarettes.

Criminalist Elizabeth Swanson swabbed blood in the bathroom and the floor at the front of the salon. She also took swabs from the crack pipe. DNA analyst Christine Sanders (Sanders) developed a DNA profile from the cigarette butt in March 2001. In November 2001, she developed a DNA profile for the crack pipe found at the scene. It was identical to the profile developed from the cigarette butt. Sanders also developed a DNA profile for Garcia and excluded his DNA from both the cigarette and pipe.

The case went unsolved for many years. Then, on August 31, 2010, detectives George Shamlyan and Jeff Allen interviewed Hubbard at Georgia State Prison and obtained a buccal sample from him for DNA testing. Hubbard told the detectives that he did not frequent Hollywood as he lived in South Central. He also said that he did not know Garcia, did not recognize Garcia's photograph, and did not recall having ever been in Garcia's salon.

Criminalist Patricia Zdanowski (Zdanowski) swabbed the fingernail clippings that had been collected from Garcia, as well as a bracelet and a hat that were found at the scene, for DNA. She submitted the swabs to Bode Technology (Bode), together with reference samples from Garcia, on October 7, 2011. Zdanowski also submitted Hubbard's reference sample to Bode, as well as the DNA profile from the cigarette butt that Sanders had developed in 2001.

Vanessa Covert (Covert), a DNA analyst for Bode, testified that she received, analyzed, and compared the items. The profile from the cigarette butt matched Hubbard's DNA profile. The DNA swabs on the floor and bathroom matched Garcia's DNA. The swab from the right fingernail had two contributors, the major contributor being Garcia. Covert could not exclude Hubbard from the minor profile of the fingernail clippings.

Latent fingerprints lifted at the scene from inside the bathroom door matched an exemplar obtained from Hubbard.

On December 6, 2010, Williams identified Hubbard in court as the assailant. Two and a half weeks later, on December 27, 2010, he returned to court for a conditional examination and identified Hubbard as the assailant. He again identified Hubbard at trial.

Counsel was appointed to represent Hubbard in connection with this appeal. After examination of the record, counsel filed an "Opening Brief" in which no arguable issues were raised. On November 15, 2012, we advised Hubbard that he had 30 days within which to personally submit any contentions or issues for us to consider. No response has been received to date.

After reviewing the entire record, we conclude that it provides a factual basis to support the conviction. Williams testified that he saw and heard the stabbing; he provided the police with a description of the suspect; he saw the knife in the suspect's hand; and he identified Hubbard at trial. Testimony was also given by criminalists and DNA analysts, who determined that Hubbard's DNA profile matched the DNA profile from a cigarette butt recovered at the scene of the crime.

We are satisfied that Hubbard's attorney has fully complied with her responsibilities and that no arguable issues exist.  (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.